THE MARKET NATIONAL BANK OF NEW YORK, Appel-
lant, *v.* THE PACIFIC NATIONAL BANK OF BOSTON,
Respondent.

*Judicial notice — a court or judge cannot take judicial notice that a bank located in
a foreign State is insolvent.*

Appeal from an order vacating an attachment, and from an order
resettling such order.

The papers upon which attachment was granted showed that the
defendant was a foreign corporation, and the attachment appears to
have been granted on that ground; the papers also contained the
following statement : " That deponent is informed that the defend-
ant is in embarrassed and failing circumstances, and so believes."

The order, as resettled *nunc pro tunc* as of the date when the
same was made, was made to read as follows : " A warrant of attach-
ment having been granted by me on the 19th day of November,
1881, in the above entitled action, against the property of the defend-
ant, and the said warrant having been granted inadvertently, the
fact being then judicially known to me that the defendant, a national
banking association, had suspended payment and was insolvent, and
application having been made to me to vacate said warrant of attach-
ment ; now, therefore, due notice having been given to the plaintiff's
attorneys, and they having appeared before me, and being duly
apprised of the inadvertence under which said warrant was granted,
and of the judicial knowledge possessed by me of the insolvency
of said defendant, and the fact of such insolvency not being con-
troverted, the said warrant of attachment, granted by me on the
19th day of November, 1881, on the part of the defendant herein
is hereby discharged, vacated and set aside."

The court at General Term said: "This order purports to resettle the order granted January 20, 1882, and consequently must rest upon the facts substantially as they were presented to the judge when he vacated the attachment; otherwise, under the pretense of resettling an order, a new motion would be entertained, and another order substituted based upon additional facts. We are convinced that the learned judge, in vacating the attachment, relied upon public rumor in regard to the pretended insolvency of the defendant, as such fact was not disclosed by the papers or in any reliable form upon which the attachment was granted, and no such ground was relied upon. Indeed the orders, in effect, support this view, and the question is therefore presented, whether judicial notice can be taken by the court, or by a judge thereof, that a bank located in a foreign state is insolvent or in failing circumstances, and base upon such information an important decision. We have not been able to discover an adjudication which extends the rule of evidence in this respect far enough to sustain the orders in this case. To justify a court or judicial officer in acting upon knowledge or information thus acquired, it can only be in regard to a matter which has become notorious, and of general public interest and concern, and not in regard to a transaction, custom or event of mere local or private interest, possessing little notoriety. (*Smith* v. *Miller*, 43 N. Y., 171; *Slater* v. *Jewett*, 85 id., 63, 68; *Agawam Bank* v. *Strever*, 18 id., 502; *Porter* v. *Waring*, 69 id., 250.)

*Abram Wakeman*, for the appellant.

*F. R. Coudert*, for the respondent.

Opinion by INGALLS, J.; DAVIS, P. J., and BRADY, J., concurred.

Orders reversed, with costs and disbursements, but without prejudice to any proceedings of defendant to modify or vacate attachment.